IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TOREY CORTEZ SMITH                                                PLAINTIFF

V.                                     CIVIL ACTION NO.: 3:16CV85-GHD-DAS

CULLY DAVENPORT, ET AL.                                     DEFENDANTS

## ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

Plaintiff has filed a motion entitled "Protection Order," alleging that jailers at the DeSoto County Jail are interfering with his legal mail; denying him proper medical care; and asking questions, presumably about the instant case, in an attempt to provoke him. Citing concerns for his safety, Plaintiff asks the Court to transfer him to a separate facility. Plaintiff's motion will be denied, for the reasons that follow.

Plaintiff seeks injunctive relief. It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not have an adverse effect on the public interest. *See, e.g., Women's Med. Ctr. of NW Houston v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001). It is "an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976); *see also Miss. Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule.").

Plaintiff has no right to be housed at any particular facility. *See Olim v. Wakinekona*, 461

U.S. 238, 245 (1983). Rather, classification and housing of inmates falls squarely within the "broad discretion" of prison officials, which should be "free from judicial intervention" in all but the most extreme of circumstances. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990); *see also Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (holding that prison officials are given wide latitude in the daily operations of the prison system, and court are hesitant to intervene absent evidence of patently unreasonable conduct). While Plaintiff alleges interference with his legal mail and the denial of requested medical care, he provides no concrete examples of any such conduct. Absent any particularized reason for the Court's interference, the Court finds that the public interest would not be served by its interference in the administration of Plaintiff's housing.

Moreover, there is no evidence in the instant motion that Plaintiff suffers the threat of any irreparable injury absent this Court's intervention. *See Basey v. Mooneyham*, 172 F. Appx. 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunctive relief and transfer where no evidence in record supports plaintiff's allegation of being in imminent danger). While Plaintiff maintains that he feels unsafe, his vague allegations are insufficient to demonstrate that he is in any particular danger. Therefore, it appears to the Court that there are no extraordinary circumstances present that warrant injunctive relief, and that the ordinary judicial process is sufficient to remedy any injuries Plaintiff has suffered as a result of Defendants' alleged actions. Accordingly, the plaintiff's motion for injunctive relief [25] is **DENIED**.

**SO ORDERED** this the 18 day of July, 2016.

_____
SENIOR U.S. DISTRICT JUDGE

2