IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TOREY CORTEZ SMITH**                                                                                                        **PLAINTIFF**

V.                                                       CIVIL ACTION NO.: 3:16CV85-GHD-DAS

**CULLY DAVENPORT, ET AL.**                                                                                          **DEFENDANTS**

## ORDER

Plaintiff Torey Cortez Smith has filed a motion requesting that the Court require Defendant Tarra Davis to remain in default. *See* doc. #71. Inasmuch as the Court has already set aside the Clerk's entry of default against Defendant Davis, *see* doc. # 64, the Court treats the present motion as one for reconsideration of the order setting aside the default.

In the instant motion, Smith argues that the default should not be set aside, arguing that Davis should have timely answered the complaint against her and asserting that setting aside the default would bias Smith. However, the Court has determined that Davis' failure to timely respond was based on excusable neglect. Moreover, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case," which is the circumstance here. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (internal quotation marks omitted). Finally, the Court notes that the Prison Litigation Reform Act states that "waiver [of the right to reply to a prisoner action] shall not constitute an admission of the allegations contained in the complaint," and that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Therefore, the Court finds that the default against Davis was properly set aside. Accordingly, Smith's motion for

reconsideration [71] is **DENIED**.

**SO ORDERED** this the 27th day of September, 2016.

_____
SENIOR U.S. DISTRICT JUDGE