IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TOREY CORTEZ SMITH**                                                                             **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO.: 3:16CV85-GHD-DAS**

**CULLY DAVENPORT, ET AL.**                                                       **DEFENDANTS**

## <u>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT</u>

Torey Cortez Smith, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), is proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. §1983, alleging Hernando Police Department Officers Cully Davenport, Tarra Davis, Dexter Gates, and F. Newson ("Defendants") violated his constitutional right to be free from excessive force and his right to be free from unlawful arrest and imprisonment.[1] Defendants have moved for summary judgment, Smith has filed a response to the motion, and Defendants have submitted a rebuttal thereto. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that summary judgment should be granted.

### I. Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) &(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of

---

[1] Additional defendants and claims were dismissed by the Court's adoption of the Report and Recommendation, which was entered following a *Spears* hearing. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also* Docs. #15 (Report and Recommendation) & #26 (Judgment).

one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted); *Morris*, 144 F.3d at 380. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no evidence of contradictory facts is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II. Relevant Facts

On November 7, 2015, Torey Smith, a biological male who presented on that date as female, was shopping in Hernando, Mississippi, with his cousin, Lakayah Deneice Smith ("Lakayah"), and Lakayah's two minor children. Doc. #144-1 at 2. The Hernando Police Department received a call from The Shoe Department that three females, i.e. Smith, Lakayah, and one of the minors, had shoplifted items from the shoe store and had gone to a nearby Hibbett Sports store. *Id.* Officer Gates responded to the call and spoke to the assistant manager of Hibbett Sports, who advised Officer Gates that she suspected that the three females were shoplifting from Hibbett Sports. *Id.* After escorting the females and the juvenile male outside,

2

Officer Gates asked the females for their identification, and Smith gave Officer Gates a Georgia driver's license that identified him as Ms. Tacara Chante Taylor. *Id.* Officer Davenport arrived on the scene and began questioning employees of The Shoe Department, who advised him that a brown leather purse had likely been stolen. *Id.*

Upon questioning, Lakayah's teenaged daughter eventually admitted to stealing a purse from The Shoe Department and handed Officer Gates the stolen purse, which she retrieved from inside another purse that she had hanging on her shoulder. *Id.* Officer Gates instructed Lakayah to retrieve her identification, which was in her car. *Id.* As Lakayah walked away to retrieve her identification, Smith handed her a purse that had been hanging on Smith's shoulder. Doc. #144-2, filed conventionally, at 02:50-02:52 (citations are made to the time stamps on a standard digital media player). After Lakayah returned with her identification, the assistant manager of Hibbett Sports came outside with an empty shoebox and advised officers that the box had been found in the back of her store, and that she believed that the pair of shoes had been stolen. Doc. #144-1 at 2; *see also* Doc. #144-2 at 04:00-04:16. At that point, Officer Gates noticed that the ladies previously had a bag or purse that was now missing. Doc. #144-1 at 2. Initially, the females all denied the presence of another bag, but it was finally admitted that Lakayah had taken the purse to the car. *Id.*; *see also* Doc. #144-2 at 04:48-05:18.

Officer Gates escorted Smith to the car and demanded the purse. Doc. #144-1 at 2. Smith opened the car door and retrieved the purse, but instead of handing the purse to Officer Gates, Smith emptied the contents of the bag on the floorboard of the vehicle. *Id.* Smith then handed Officer Gates a pair of canvas shoes with a tag on them from The Shoe Department and stated, "[t]hese are the shoes we stole." *Id.* Smith was removed from the vehicle and placed in

custody. *Id.* Officer Gates arrested Smith and escorted him to the patrol car, where Smith was told to sit in the back of the vehicle. *Id.*

Smith refused Officer Gates' order to sit in the patrol vehicle, claiming he needed medical attention, that he was pregnant, and questioning the basis of his arrest. *Id.*; *see also* Doc. #144-2. After Smith denied Officer Gates' multiple commands to sit in the back of the patrol vehicle, Officer Davenport returned to assist placing Smith in the vehicle. *See* Doc. #144-1 at 2. Smith was advised that he was under arrest for shoplifting. Doc. #144-2 at 07:51-07:52. Smith began arguing with the officers and resisting their efforts to place him in the patrol vehicle, and Officer Davenport admonished Smith for spitting on him, which Smith denied doing. *See* Docs. #144-1 at 2; Doc. #144-2 at 08:15-08:30. Eventually, the officers succeeded in getting Smith into the vehicle, and they continued their investigation. *See* Doc. #144-1 at 2. Because of Smith's complaints that she was pregnant and in pain, Officer Davenport called for a supervisor and an ambulance. *Id.*; Doc. #144-2 at 07:28-07:33.

While he was in the patrol vehicle, Smith freed himself from his handcuffs and escaped the vehicle when one of the minor children opened the door. *Id.*; Doc. #144-2 at 09:58-10:13. A citizen informed officers that Smith had escaped, and Smith was chased down and taken back into custody. Doc. #144-1 at 2; Doc. #144-2 at 10:18-11:08. While resisting officers and kicking at them, Smith was again placed in the patrol car. Doc. #144-1 at 3; Doc. #144-2 at 11:51-12:30. Smith then began kicking and striking the window and door of the patrol vehicle and once again freed himself from his restraints. Doc. #144-1 at 3; Doc. #144-2 at 12:30-12:42. Officer Davenport opened the passenger door and held Smith's arms and shoulders while Officer Gates attempted to shackle Smith's legs. Doc. #144-2 at 12:42-14:33. Smith kicked at Officer

4

Gates as the shackles were being applied, informing the officers that "[y]ou ain't shackling shit." Doc. #144-2 at 13:00. After Smith was placed in the car, he continued to kick the doors, and was instructed by Officer Davenport to stop. *Id.* at 14:35-37. Smith responded, "[f]uck you, cracker." *Id.* at 14:37-14:43.

Soon thereafter, Defendant Lieutenant Freddie Newson arrived. Doc. #144-1 at 3. Smith began beating against the window, and Lt. Newson noticed that Smith had again freed himself from his restraints and was hitting the door with the handcuffs. Doc. #144-1 at 3. Lt. Newson opened the door to prevent Smith from breaking the window, at which point Smith resisted Officer Davenport's attempts to re-secure him in handcuffs. *Id.*; *see also* Doc. #144-2 at 18:09-18:52. Smith was pulled outside of the vehicle so that he could be restrained, and he again fought officers, hitting Officer Davenport in the face and having to be wrestled to the ground. Doc. #144-2 at 18:53-19:15. Due to Smith's repeated escape from handcuffs, Smith was secured with disposable restraints, or zip-ties. Doc. #144-2 at 21:25-22:40. As he was being placed in the patrol vehicle again, Smith stated to Officer Davenport: "[t]he same way you can add charges, bitch? Justice Court's about to wear you out. I'ma have your ass on administrative leave, you fat fuck. Do some exercise, bitch. Stop eating donuts." Doc. #144-2 at 22:44-22:55. When Officer Davenport told Smith to get into the police vehicle, Smith stated "I ain't doing shit, you do it" and "I'ma kick the fuck outta you, you fat fuck." *Id.* at 22:57-23:08.

After Smith was secured for a third time, officers continued their investigation, finding more potentially stolen merchandise in the group's car, and locating an identification card suggesting that Ms. Taylor might in fact be Mr. Torey Smith. Doc. #144-1 at 3. Paramedics arrived and remained on the scene until Smith was transported to the hospital via another police

vehicle. *Id.*

Officer Tarra Davis, an officer and criminal investigator for the City of Hernando, investigated the allegation that Smith had assaulted Officers Gates and Davenport and concluded that probable cause existed to arrest Smith on charges of assault on a law enforcement officer. Doc. #144-3. She attested to that knowledge in an affidavit in support of application for felony charges against Smith. Doc. #144-4. Ultimately, Smith was charged with shoplifting, disobeying a police officer, escape, false identifying information to a police officer, aggravated assault on a police officer, simple assault on a police officer, and escape. *See* Doc. #144-7.

In April 2016, Smith was indicted by a DeSoto County Grand Jury on two counts of simple assault of a law enforcement officer, in violation of Miss. Code Ann. §97-3-7(1). Doc. #144-6. On or about May 9, 2016, Smith filed the instant suit, alleging, as is relevant to Defendants' motion, a violation of his right to be free from excessive force and a violation of his right to be free from arrest and imprisonment without probable cause. Doc. #1. Defendants answered the complaint in September 2016. Docs. #62 & #67. Thereafter, Smith, with the assistance of counsel, negotiated a plea and pleaded guilty to assault on a law enforcement officer on November 3, 2016. Doc. #144-5. Smith was sentenced to three years' incarceration in the custody of the Mississippi Department of Corrections. *Id.*

### III. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a claim challenging the plaintiff's imprisonment under 42 U.S.C. § 1983 is not cognizable unless the plaintiff shows:

> that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted). Defendants argue that Smith is barred from claiming that his constitutional rights were violated as a result of his arrest, as he pleaded guilty to assault on a law enforcement officer. Therefore, Defendants claim, a determination that Smith's allegations have merit would undermine his conviction, and his claims must be dismissed.

## A. Excessive Force

The Court first considers whether Smith's claim of excessive force is *Heck*-barred because of his assault conviction. Ultimately, "the *Heck* determination depends on the nature of the offense and of the claim." *Ballard v. Burton*, 444 F.3d 391, 400 (5th Cir. 2006) (citation omitted). The United States Court of Appeals for the Fifth Circuit has held *Heck* sometimes applies to excessive force claims under §1983 where the plaintiff is convicted of aggravated assault and/or battery of an officer. *See, e.g., Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (aggravated assault); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (battery). However, such a finding is extremely fact dependent, and the Court must determine whether the factual basis giving rise to the conviction is "temporally and conceptually distinct" from those giving rise to the claim of excessive force. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2009).

Smith pled guilty to the charge of simple assault on a law enforcement officer under Miss. Code Ann. §97-3-7(1) for "wilfully, unlawfully and feloniously, purposely, knowingly or recklessly caus[ing] bodily injury" to Officers Gates and Davenport. *See* Docs. #144-5 & #144-

7

6. The events giving rise to Smith's conviction for assault of an officer are the same events giving rise to his claims of excessive force. Therefore, any finding of excessive force would undermine Smith's conviction for assault on a law enforcement officer. Smith has not produced evidence that the conviction has been overturned. Accordingly, this claim is *Heck*-barred.

### B. False Arrest/Imprisonment

Smith also alleges that Officer Tara Davis violated his constitutional rights by swearing out a false affidavit against him, which resulted in him being falsely arrested and imprisoned in violation of the Fourth Amendment to the United States Constitution. To prevail on his claim, Smith must demonstrate that the statements made by Officer Davis in support of the warrant were deliberately false or made with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

In her affidavits, Officer Davis alleged that Smith "willfully, knowingly, unlawfully and feloniously" injured Officers Gates and Davenport by kicking them while they were acting in the scope of their employment. Doc. #144-4 at 1 and 3. Smith's allegation that the facts in the affidavit to support the judicial finding of probable cause are false would, if found true by this Court, undermine Smith's guilty plea based on those facts. Therefore, *Heck* bars this claim. *See, e.g., Thomas v. La. Dep't of Soc. Servs.*, 406 F. App'x 890, 898 (5th Cir. 2010) (noting proof of false arrest would require proving that the arrest was unlawful); *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir.1996) (holding that *Heck* barred the defendant's claims of false arrest and excessive force based on the specific facts of the case).

### IV. Merits

Assuming, *arguendo*, that Smith's claims of excessive force and/or false

arrest/imprisonment are not *Heck*-barred, the Court considers the merits of Smith's claims. In doing so, the Court notes that Defendants have asserted the defense of qualified immunity. An evaluation of the issue of qualified immunity requires courts to conduct a two-pronged test: (1) whether a clearly established constitutional right would have been violated on the facts alleged, and (2) "whether the defendant's actions were objectively unreasonable in light of the clearly established law at the time of the conduct in question". *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008) (citation omitted). Once qualified immunity has been pleaded by a defendant, the plaintiff bears the burden of rebutting the defense "by establishing that the official's allegedly wrongful conduct violated clearly established law." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2003). This burden does not allow him to "rest on conclusory allegations and assertions," but rather, requires a plaintiff to "demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

### A. Excessive Force

Because he was a pretrial detainee at the time of the incidents in this suit, Smith's claim of excessive force arises out of the Fourth Amendment, "which guarantees citizens the right to be secure in their persons against unreasonable seizures of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (noting that the Fourth Amendment is applicable to excessive force claims involving arrest or investigatory stop of free citizen). To prove a violation of the prohibition on excessive force under the Fourth Amendment, Smith must allege: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and that (3) the force used was objectively unreasonable." *Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013). The

injury caused by the force must be more than *de minimis*. *Williams v. Bramer*, 180 F.3d 699, 703-04 (5th Cir. 1999).

Whether a use of force is reasonable requires "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Id.* at 396 (citation and internal quotation marks omitted); *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 626 (5th Cir. 2006). Courts considering these interests are guided by the factors set forth in *Graham*, which "include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 626 (5th Cir. 2006). This list is not exhaustive, but rather, is illustrative of "the types of objective circumstances potentially relevant to a determination of excessive force." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham* and applying objective standard to pre-trial detainee's claim).

Smith asserts that he received some unspecified injury to his abdomen during his scuffle with police on November 7, 2015, and he alleges that during the altercation, his hair was pulled, officers' hands were placed on his neck, and that he was placed on the ground. *See, e.g.*, Doc. #1 at 5; Doc. #15 at 1. As an initial matter, the Court finds that Smith has not demonstrated that he received any injury at all because of the actions of Defendants, much less one that is more than *de minimis*. Moreover, the Court notes that "[w]hat constitutes an injury in an excessive force claim is subjective — it is defined entirely by the context in which the injury arises." *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999). The evidence in this case demonstrates that Smith was resisting arrest and was combative with officers, thereby leaving officers no choice but to

engage him in a physical confrontation. He was noncompliant, he attempted to escape custody, he behaved destructively while inside the police vehicle, and he was violent and aggressive in his interaction with officers. Under these facts, there is no genuine issue of material fact that the minimal force used by Officers Gates and/or Davenport to arrest Smith was unnecessary or excessive. *See, e.g., Williams v. Valenti*, 432 F. App'x 298, 302, 2011 WL 2650883 (5th Cir. July 7, 2011) (finding no rational trier of fact could find officer's use of force unnecessary where inmate was belligerent, refused orders, and resisted officer's attempts to restrain him); *Thomas v. Comstock*, 222 F. App'x 439, 440-42 (5th Cir. 2007) (finding inmate maced after he refused to submit to hand restraints was not subjected to excessive force); *Baldwin v. Stalder*, 137 F.3d 836, 840-41 (5th Cir. 1998) (finding no excessive force where prison officials employed force against inmate refusing to comply with orders). Accordingly, the Court finds that no constitutional violation occurred, and that Defendants' actions were not otherwise objectively unreasonable.

### B. False Arrest/Imprisonment

The Fourth Amendment to the United States Constitution protects against "unreasonable. . . seizures" and all arrests must be made with probable cause. *See* U.S. Const. amend IV. To succeed on a claim of false arrest, a plaintiff must demonstrate that there was no probable cause for the arrest. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citation omitted). Probable cause exists "when the totality of the facts and circumstances with [an official's] knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty*, 391 F.3d at 655-56 (citation omitted).

Smith claims that Officer Davis violated his constitutional rights by swearing out a false

engage him in a physical confrontation. He was noncompliant, he attempted to escape custody, he behaved destructively while inside the police vehicle, and he was violent and aggressive in his interaction with officers. Under these facts, there is no genuine issue of material fact that the minimal force used by Officers Gates and/or Davenport to arrest Smith was unnecessary or excessive. *See, e.g., Williams v. Valenti*, 432 F. App'x 298, 302, 2011 WL 2650883 (5th Cir. July 7, 2011) (finding no rational trier of fact could find officer's use of force unnecessary where inmate was belligerent, refused orders, and resisted officer's attempts to restrain him); *Thomas v. Comstock*, 222 F. App'x 439, 440-42 (5th Cir. 2007) (finding inmate maced after he refused to submit to hand restraints was not subjected to excessive force); *Baldwin v. Stalder*, 137 F.3d 836, 840-41 (5th Cir. 1998) (finding no excessive force where prison officials employed force against inmate refusing to comply with orders). Accordingly, the Court finds that no constitutional violation occurred, and that Defendants' actions were not otherwise objectively unreasonable.

### B. False Arrest/Imprisonment

The Fourth Amendment to the United States Constitution protects against "unreasonable. . . seizures" and all arrests must be made with probable cause. *See* U.S. Const. amend IV. To succeed on a claim of false arrest, a plaintiff must demonstrate that there was no probable cause for the arrest. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (citation omitted). Probable cause exists "when the totality of the facts and circumstances with [an official's] knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty*, 391 F.3d at 655-56 (citation omitted).

Smith claims that Officer Davis violated his constitutional rights by swearing out a false

affidavit, which resulted in his arrest and imprisonment without probable cause. Smith argues that, as the teenaged girl admitted that she was the one who stole the purse, there was no probable cause for Smith's initial arrest, which precipitated Smith's allegations in this case. *See* Doc. #154 at 1. However, the Court finds that other evidence supports a determination of probable cause in this case for Smith's shoplifting arrest. For instance, the incident report clarifies that during the investigation, the Hibbett Sports manager also accused the trio of shoplifting. *See* Doc. #144-1 at 2; Doc. #154 at 4. Moreover, Smith admitted to stealing a pair of shoes and produced them to Officer Gates. *Id.*

Additionally, the Fifth Circuit has held that probable cause to make an arrest for any of multiple charges provides probable cause for an arrest on all charges. *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583- 84 (5th Cir. 2012) (quoting *Wells v. Bonner*, 45 F.3d 90, 94-96 (5th Cir. 1995)). The Court finds that probable cause existed to arrest Smith for multiple crimes. Video evidence clearly demonstrates probable cause for arresting and detaining Smith for escape and disobeying a police officer. Video evidence likewise shows Smith resisting the officers, while kicking and punching at them, therefore supporting multiple charges of assault on a law enforcement officer. Officer Davis, as part of her job duties, investigated Smith for assault, and her investigation uncovered that Smith had, in fact, committed the acts alleged in the affidavit she presented. Docs. #144-3; #144-4. The record contradicts Smith's allegations that Officer Davis falsified charges against him, and Officer Davis' statements in her affidavit have not been shown to be deliberately false or made with reckless disregard for the truth. *See Franks*, 438 U.S. at 171. Therefore, the Court finds that Smith has not demonstrated a violation of his constitutional rights, and Officer Davis' actions have not otherwise been shown to be objectively

unreasonable.

## V. Conclusion

For the reasons stated in this Order, the Court finds Smith's allegations frivolous, and Defendants' motion for summary judgment [144] is **GRANTED**. A separate final judgment will enter today.

**SO ORDERED** this the 3rd day of May, 2017.

_____
SENIOR U.S. DISTRICT JUDGE